UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| REBECCA BALLINGER,<br>　　　　　　　　　Plaintiff,<br>　v.<br>PRIME HEALTHCARE SERVICES –<br>RENO, LLC, d/b/a ST. MARY'S<br>REGIONAL MEDICAL CENTER<br>　　　　　　　　　Defendant. | Case No. 3:22-cv-00084-MMD-CLB<br><br>ORDER |

Before the Court is Plaintiff's[1] motion to amend the complaint (ECF No. 28 ("Motion")). Federal Rule of Civil Procedure 15(a)(2) allows amendment only by leave of the court once responsive pleadings have been filed and in the absence of the adverse party's written consent. The Court has discretion to grant leave and should freely do so "when justice so requires." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

Plaintiff seeks leave to restyle her state-law breach of contract and breach of covenant claims as "straightforward" § 301 Labor Management Relations Act ("LMRA") claims. (ECF No. 28 at 2.) Defendant opposes[2] and argues that amendment is futile because Plaintiff's claims are actually "hybrid" § 301 LMRA claims that are barred by the six-month statute of limitations. (ECF No. 29.) *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (courts may deny amendment if it will cause (1) undue delay, (2) undue prejudice to the opposing party, (3) the request is made in bad faith, (4) the party has repeatedly failed to cure deficiencies, or (5) the amendment would be futile).

However, the Court cannot say that amendment would be futile. Plaintiff appears to be asserting "straightforward" § 301 claims, as she is only suing her employer for

---

[1] Plaintiff Rebecca Ballinger sues her former employer, Prime Healthcare Services ("Saint Mary's") for employment discrimination under Title VII of the Civil Rights Act of 1964, the American's with Disabilities Act, and NRS §§ 613.330, 613.340. (ECF No. 1.)

[2] Plaintiff filed a reply. (ECF No. 32.)

breach of the collective bargaining agreement and not making allegations of wrongdoing against her union. (ECF No. 1.) *See DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 163 (1983) (in a "straightforward" § 301 action, the employer is sued for breach of the collective bargaining agreement); *Conley v. Int'l Bhd. of Elec. Workers, Local 639*, 810 F.2d 913, 915 (9th Cir. 1987) (in a "hybrid" action, the employee is alleging "the employer unfairly treated" them *and* "the union violated the duty of fair representation"). Thus, Plaintiff's claims could be saved by amendment because the "straightforward" claims may be timely.[3] *See Stebbins v. Geico Ins. Agency*, Case No. 2:18-cv-00590-APG-GWF, 2019 WL 281281, at *4 (D. Nev. Jan. 22, 2019) ("Amendment is futile only if no set of facts can be proven under the amendment that would constitute a valid and sufficient claim") (citation omitted). Moreover, the case is still in the early stages of discovery, Plaintiff has not previously sought amendment, and the record does not suggest any bad faith by Plaintiff. *See Leadsinger*, 512 F.3d at 532; s*ee also Griggs v. Pace Am. Grp.*, 170 F.3d 877, 880 (9th Cir. 1999) (the determination of amendment "should be performed with all inferences in favor of granting the motion").

It is therefore ordered that Plaintiff's motion to amend the complaint (ECF No. 28) is granted.

It is further ordered that Defendant's partial motion to dismiss (ECF No. 5) is denied as moot.[4] Defendant may file a renewed motion after the amended complaint is filed.

It is further ordered that Plaintiff must file the amended complaint within 15 days of the date of entry of this order.

DATED THIS 16th Day of November 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff argues that her amended claims are not barred because the statute of limitations for "straightforward" § 301 claims is six years—not six months. (ECF No. 28 at 2, 5.)

[4] The Court does not foreclose Defendant from reasserting any legal arguments raised in its pending motion to dismiss (ECF No. 5) in response to Plaintiff's first amended complaint.